Nash v. Parker.

## NASH *versus* PARKER.

The legal owner of a vessel, not in his possession or under his management, is not responsible for repairs, procured by one having the entire control thereof.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, for painting, &c., on schooner St. Leon.

The work done on the vessel was proved, and the plaintiff introduced the records from the Custom House, showing, that the defendant was the owner at the time.

It also appeared from the plaintiff's testimony, that the work was done at the request of one Alden Parker, and that defendant was not known in the transaction.

The defendant proved, that Alden Parker bought the schooner, and that he helped Alden to make his cash payments, and also indorsed the notes he gave for it; and for his security and other indebtedness the bill of sale was made to him instead of to Alden. These notes were all paid by Alden, and the title of the vessel remained in defendant through negligence. The defendant never had pos-

session or control of the schooner, or any thing to do with her, but she had always been in the possession of Alden Parker, and under his sole management and he had received all her earnings.

The case was submitted for decision to the full Court.

*A. Sanborn,* for defendant.

1. Parol testimony was admissible to show, that the defendant held the schooner merely as collateral security for the debt of Alden Parker. Abbott on Shipping, 47, 48, and note 1, and cases there cited; *Reed* v. *Jewett,* 5 Maine, 96.

2. The enrollment of the vessel and the oath recorded, that defendant was the owner, will not exclude the testimony put in, showing that it was done as collateral security. Abbott on Shipping, 83, note 2; *Weston* v. *Penniman,* 1 Mason, 306; *Cutler* v. *Thurlo,* 20 Maine, 213; *Lord* v. *Ferguson,* 9 N. H. 380; *Brooks* v. *Bondsey,* 17 Pick. 441; *Pierce* v. *Norton,* 10 Maine, 252.

3. The defendant never had any thing to do with the vessel, but it was in the possession and under the entire control of Alden Parker, who ordered the repairs. The defendant cannot therefore be liable. Abbott on Shipping, 48, note 1; *Winslow* v. *Tarbox,* 18 Maine, 132; Kent's Com. 3, 98, and notes, and cases before cited.

There has been some conflict in the authorities in England and this country touching the point raised in this case, but the weight of them is clearly with the defendant.

*A. W. Paine,* for plaintiff.

I admit, that charterers, thus owners *pro hac vice,* are held to be owners, so far as to be held chargeable for supplies to the exclusion of the general owner's liability.

But in such case even, the general owner is still liable for *repairs.* It is only from the charge of *supplies* furnished the charterer, that the general owner is exempt by the principle now admitted.

*Repairs* done on the vessel charge the owner of the vessel just as the *supplies* furnished the special owner are a charge on him.

The principle contended for is the only one which can safely be adopted and at the same time can operate no wrong to any one. While the defendant holds the title he is abundantly secure, and if he is obliged to pay when, as here, another reaps the benefit, he has no cause for complaint, as he has voluntarily assumed the charge and allowed himself to be held out to the world as the man to be charged for all such expenses.

The case at bar is precisely like that of *Tucker* v. *Buffington*, 15 Mass. 477, where the position now advanced was fully supported. See also *Brooks* v. *Bondsey*, 17 Pick. 441.

The case of *Cutler* v. *Thurlo*, 20 Maine, 213, was an action for *supplies*, which differs from *repairs*. That case is based on 15 Johns. 298, which supports the plaintiff's views.

TENNEY, J. — Alden Parker purchased the schooner St. Leon, of one Dealing, and paid therefor in notes given by him and the defendant as his surety, and cash, a part of which he borrowed of the defendant, to whom he was also otherwise indebted.

For the security of this liability and indebtedness, he caused the bill of sale of the schooner to be made from Dealing to the defendant. But the latter never had possession or control of the schooner, or had any thing to do with her; but she had always, after the purchase, been under the sole management of Alden Parker, who had received for himself the entire earnings thereof, and who called upon the plaintiff for the work, which is the alleged cause of action in this case, and employed him to do it, and the defendant was not known in the transaction.

The authorities on the question of the liability of those who are legal owners of vessels which are not in their possession or management, for repairs procured by those who have the entire control thereof, are not entirely uniform. But it is believed, that for a long time, the decisions have been in greater harmony. It may be regarded as settled, that "ships and vessels, in this respect are now placed upon

the footing of other chattels." *Cutler* v. *Thurlo*, 20 Maine, 213. Numerous decisions sustain the doctrine, that the owner *pro hac vice*, is alone liable for repairs made for his benefit, and by his procurement. "Mere legal owner-ship does not make any person liable for the ship's debts." *Briggs* v. *Wilkinson*, 7 Barn. & Cres. 30. "The party for whose profit the ship is in reality employed at the time, has the benefit of the work done on board, and is liable to the tradesman who does it." *Reeve* v. *Davis*, 1 Adol. & Ellis, 312; *Leonard* v. *Huntington*, 15 Johns. 298; *Brooks* v. *Bondsey*, 17 Pick. 441; *Colson* v. *Bonzey*, 6 Greenl. 474.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and RICE and APPLETON, J. J., concurred.